# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 21-00005 LEK-RT |
| CASE NAME: | Albert S. Velez vs. Bennett Dorrance, Jr., et al., |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 02/17/2021 |

COURT ACTION:   EO: COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

  On January 4, 2021, pro se Plaintiff Albert S. Velez ("Plaintiff") filed his Complaint for Employment Discrimination ("Complaint"). [Dkt. no. 1.]  On February 1, 2021 Defendants Bennett Dorrance, Jr., Robert Endreson, John Oliva, and Kohala Mountain Fish Company ("Kohala Defendants") filed their motion to dismiss the Complaint ("Kohala Motion").  [Dkt. no. 15.]  On February 8, 2021, Defendant Proservice Hawaii ("Proservice") filed its motion to dismiss the Complaint ("Proservice Motion" and collectively with the Kohala Motion "Motions").  [Dkt. no. 19.]  The Court finds that no memoranda in opposition are necessary, nor is a hearing required pursuant to Local Rule 7.1(c).  The parties are hereby informed that the Motions are granted to the extent the Complaint is dismissed, however, Plaintiff is granted leave to file an amended complaint.

  Because Plaintiff is proceeding pro se, the Complaint is liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Therefore, the Complaint is construed as asserting the following claims against all defendants: 1) discrimination in violation of 42 U.S.C. §§ 12112 ("Count I"); 2) violation of Haw. Rev. Stat. § 378-32 ("Count II"); 3) retaliation in violation of 29 U.S.C. § 660(c) ("Count III"); 4) retaliation in violation of 42 U.S.C. § 12203(a) ("Count IV"); and 5) retaliation in violation of the Haw. Rev. Stat. § 378-62 ("Count V").  See Complaint at ¶ 42.  Plaintiff seeks damages and other relief under the above statutes as well as the Haw. Rev. Stat. § 393-15.  [Id. at PageID #: 31-32.]

  The Motions are both HEREBY GRANTED, for the reasons stated therein, to the extent the Complaint is DISMISSED.  However, because it is arguably possible for Plaintiff to amend his Complaint to cure the identified defects, the dismissal must be WITHOUT PREJUDICE.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).  Therefore, the Motions are GRANTED to the extent that

they seek dismissal of the claims in the Complaint, and DENIED to the extent that they seek dismissal with prejudice.

Plaintiff is granted leave to file an amended complaint by **April 16, 2021.** The amended complaint must include all of the factual allegations that Plaintiff's claims are based upon, even if Plaintiff previously presented those allegations in the original Complaint. The amended complaint cannot incorporate any part of the original Complaint by merely referring to the original Complaint. Plaintiff is CAUTIONED that if he does not file an amended complaint by **April 16, 2021** the Complaint will be dismissed with prejudice.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager